**STEVE D. BYOUN, ESQ.** – Atty. ID# 005202000
The Law Offices of Fusco & Macaluso P.C.
150 Passaic Avenue
P. O. Box 838
Passaic, New Jersey 07055
(973) 779-1163
Attorneys for Plaintiffs
Our File No: 217385, 217386

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SASHA M. DEL VALLE;** <br> **ROBERTO EVANS,** | : <br> : <br> : | CASE NO: |
| Plaintiffs , | : <br> : | |
| v. | : <br> : | |
| **JEFFREY L. STRAIGHT, COLE FREIGHT LINE LLC; PATRICK GEORGE MERRILL; UBER TECHNOLOGIES INC.; RASIER LLC; FARMERS  INSURANCE COMPANY; JOHN DOE 1-10** (fictitious names)**; JANE ROE 1-10** (fictitious names)**; ABC COMPANY, INC., 1-10** (fictitious names); **JOHN DOE 11-20** (fictitious names)**; JANE ROE 11-20** (fictitious names)**; ABC COMPANY,  INC. 11-20** (fictitious names), | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **COMPLAINT AND JURY DEMAND** |
| Defendants. | : <br> : | |

Plaintiffs, **SASHA  M.  DEL  VALLE** and **ROBERTO  EVANS**, complaining of Defendants, hereby allege:

### JURISDICTION

1.      Plaintiffs  bring their complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

2.      The Court has jurisdiction under 28 U.S.C. §1332.

### THE PARTIES

3.      Plaintiff, **SASHA M. DEL VALLE**, is an individual, residing at 402 Alexander Way, Apt. 402, in the Borough of Edgewater, County of Bergen, and State of New Jersey.

4.      Plaintiff, **ROBERTO EVANS**, is an individual, residing at 402 Alexander Way, Apt. 402, in the Borough of Edgewater, County of Bergen, and State of New Jersey.

1

5.      Defendant, **JEFFREY L. STRAIGHT,** is an individual who, upon information and belief, has a place of residence at 3679 Staunton Drive, Youngstown, Ohio.

6.      Defendant, **COLE FREIGHT LINE LLC,** is a commercial entity who, upon information and belief, has its principal place of business at 42560 Buckeye Road, Lisbon, Ohio.

7.      Defendant, **PATRICK GEORGE MERRIL,** is an individual who, upon information and belief, has a place of residence at 8111 Castor Avenue, Apt. 1 Philadelphia, Pennsylvania.

8.      Defendant, **UBER TECHNOLOGIES INC.,** is a commercial entity who, upon information and belief, has its principal place of business at 1455 Market Street, San Francisco, California.

9.      Defendant, **RASIER LLC,** is a commercial entity who, upon information and belief, has its principal place of business 1455 Market Street, San Francisco, California.

10.      Defendant, **FARMERS INSURANCE COMPANY**, is an insurance company who, upon information and belief has its principal place of business at 4680 Wilshire Boulevard, Los Angeles, California.

## FIRST COUNT

11.      On or about **May 5, 2021**, Plaintiff, **SASHA M. DEL VALLE**, was an occupant of a certain motor vehicle, owned and operated by Defendant, **PATRICK GEORGE MERRILL** which was traveling at or near Route 76 West/Route 30 West (Valley Forge) and Route 76 East (International Airport), in Pennsylvania.

12.      Upon information and belief, Defendant, **PATRICK GEORGE MERRILL** was operating his motor vehicle as an employee of Defendant, **UBER TECHNOLOGIES INC.** and/or Defendant, **RASIER, LLC**.

13.      At the time and place aforesaid, the Defendant, **JEFFREY L. STRAIGHT,** was the operator of a certain motor vehicle; more specifically, an 18-Wheeler, owned by Defendant, **COLT FREIGHT LINE LLC,** which was also traveling at or near Route 76 West/Route 30 West (Valley Forge) and Route 76 East (International Airport), in Pennsylvania.

14.      At the time and place aforesaid, the Defendant, **COLT FREIGHT LINE LLC** whose principal place of business, upon information and belief, is located at 42560 Buckeye Road, Lisbon, Ohio. was/were the owner(s), lessor(s) or lessee(s) of certain motor vehicle which was being operated by its

agent, servant, and/or employee the Defendant, **JEFFREY L. STRAIGHT,** which was proceeding along the same roadway.

15.     Defendant, **COLT FREIGHT LINE LLC** is/are liable for the negligent acts and/or omissions of their agent(s), servant(s), and/or employee(s) under the doctrine of respondeat superior.

16.     At the time and place aforesaid, the Defendants **JOHN DOE 1-10** (fictitious names), **JANE ROE 1-10** (fictitious names) and/or **ABC COMPANY, INC. 1-10** (fictitious names) was/were the owner(s) of a certain motor vehicle(s) which was/were being operated by his/her/its agent(s), servant(s) and/or employee(s), the Defendant, **JOHN DOE 1-10** (fictitious names), along the aforesaid roadway(s).

17.     The aforesaid Defendants **JOHN DOE 1-10** (fictitious names)**, JANE ROE 1-10** (fictitious names) and/or **ABC COMPANY, INC. 1-10** (fictitious names) are fictitious names intended to identify any and all parties including individuals, corporations and/or other entities whose identities are presently unknown to the Plaintiff who together with the named Defendants, were the owners, lessor(s) or lessee(s) and/or operators of vehicles upon the aforesaid roadways and whose negligence contributed to Plaintiff's injuries.

18.     The aforesaid Defendants **JOHN DOE 11-20** (fictitious names)**, JANE ROE 11-20** (fictitious names) and/or **ABC COMPANY, INC. 11-20** (fictitious names) are fictitious names intended to identify any and all parties including individuals, corporations and/or other entities who have business relationships, contractual agreements and/or any other relationship with the named Defendants, and/or any other defendants whose identity(s) is/are presently unknown, who together with the named Defendants, maintained, controlled, operated or otherwise benefitted from the operation of the vehicle being operated by Defendant, **JEFFREY L. STRAIGHT** at the time of the subject accident and upon the aforesaid roadways and whose negligence contributed to Plaintiff's injuries.

19.     At the time and place aforesaid, the Defendants, or either of them, so negligently operated and/or maintained and/or controlled their motor vehicles as to cause same to strike and collide with the vehicle and the persons of the Plaintiff, **SASHA M. DEL VALLE.**

20.     As the direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff, **SASHA M. DEL VALLE** sustained serious and permanent physical injuries, suffered, still suffers and will continue to suffer from great physical pain and mental anguish, was confined, is and will

continue to be so confined, was obliged, still is, and will in the future be obligated to expend large sums of money for medical and other needed care of the aforesaid injuries, was prevented, is, and will in the future be prevented from pursuing her usual course of conduct and employment and in the future will be caused great pain and suffering, to her great loss and damage.

WHEREFORE, the Plaintiffs, **SASHA M. DEL VALLE** and **ROBERTO EVANS**, demand judgment against the Defendants, **JEFFREY L. STRAIGHT, COLT FREIGHT LINE LLC, PATRICK GEORGE MERRILL, UBER TECHNOLOGIES INC., RASIER LLC, JOHN DOE 1-10** (fictitious names), **JANE ROE 1-10** (fictitious names), **ABC COMPANY, INC. 1-10** (fictitious names), **JOHN DOE 11-20** (fictitious names**), JANE ROE 11-20** (fictitious names) and/or **ABC COMPANY, INC. 11-20** (fictitious names) either individually, jointly and/or severally, for damages, together with interest and costs of this suit.

### SECOND COUNT

21.     Plaintiffs, **SASHA M. DEL VALLE** and **ROBERTO EVANS**, repeat each and every allegation of the First Count of this Complaint as though same were set forth at length herein and makes them a part hereof.

22.     On or about **May 5, 2021**, Plaintiff, **ROBERTO EVANS**, was also an occupant of a certain motor vehicle, owned and operated by Defendant, **PATRICK GEORGE MERRILL** which was traveling at or near Route 76 West/Route 30 West (Valley Forge) and Route 76 East (International Airport), in Pennsylvania.

23.     Upon information and belief, Defendant, **PATRICK GEORGE MERRILL** was operating his motor vehicle as an employee of Defendant, **UBER TECHNOLOGIES INC.** and/or Defendant, **RASIER, LLC**.

24.     At the time and place aforesaid, the Defendant, **JEFFREY L. STRAIGHT,** was the operator of a certain motor vehicle; more specifically, an 18-Wheeler, owned by Defendant, **COLT FREIGHT LINE LLC,** which was also traveling at or near Route 76 West/Route 30 West (Valley Forge) and Route 76 East (International Airport), in Pennsylvania.

25.     At the time and place aforesaid, the Defendant, **COLT FREIGHT LINE LLC** whose principal place of business, upon information and belief, is located at 42560 Buckeye Road, Lisbon, Ohio.

was/were the owner(s), lessor(s) or lessee(s) of certain motor vehicle which was being operated by its agent, servant, and/or employee the Defendant, **JEFFREY L. STRAIGHT,** which was proceeding along the same roadway.

26.     Defendant, **COLT FREIGHT LINE LLC** is/are liable for the negligent acts and/or omissions of their agent(s), servant(s), and/or employee(s) under the doctrine of respondeat superior.

27.     At the time and place aforesaid, the Defendants **JOHN DOE 1-10** (fictitious names), **JANE ROE 1-10** (fictitious names) and/or **ABC COMPANY, INC. 1-10** (fictitious names) was/were the owner(s) of a certain motor vehicle(s) which was/were being operated by his/her/its agent(s), servant(s) and/or employee(s), the Defendant, **JOHN DOE 1-10** (fictitious names), along the aforesaid roadway(s).

28.     The aforesaid Defendants **JOHN DOE 1-10** (fictitious names)**, JANE ROE 1-10** (fictitious names) and/or **ABC COMPANY, INC. 1-10** (fictitious names) are fictitious names intended to identify any and all parties including individuals, corporations and/or other entities whose identities are presently unknown to the Plaintiff who together with the named Defendants, were the owners, lessor(s) or lessee(s) and/or operators of vehicles upon the aforesaid roadways and whose negligence contributed to Plaintiff's injuries.

29.     The aforesaid Defendants **JOHN DOE 11-20** (fictitious names)**, JANE ROE 11-20** (fictitious names) and/or **ABC COMPANY, INC. 11-20** (fictitious names) are fictitious names intended to identify any and all parties including individuals, corporations and/or other entities who have business relationships, contractual agreements and/or any other relationship with the named Defendants, and/or any other defendants whose identity(s) is/are presently unknown, who together with the named Defendants, maintained, controlled, operated or otherwise benefitted from the operation of the vehicle being operated by Defendant, **JEFFREY L. STRAIGHT** at the time of the subject accident and upon the aforesaid roadways and whose negligence contributed to Plaintiff's injuries.

30.     At the time and place aforesaid, the Defendants, or either of them, so negligently operated and/or maintained and/or controlled their motor vehicles as to cause same to strike and collide with the vehicle and the persons of the Plaintiff, **ROBERTO EVANS.**

31.     As the direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff, **ROBERTO EVANS** sustained serious and permanent physical injuries, suffered, still suffers and

will continue to suffer from great physical pain and mental anguish, was confined, is and will continue to be so confined, was obliged, still is, and will in the future be obligated to expend large sums of money for medical and other needed care of the aforesaid injuries, was prevented, is, and will in the future be prevented from pursuing his usual course of conduct and employment and in the future will be caused great pain and suffering, to his great loss and damage.

WHEREFORE, the Plaintiffs, **SASHA M. DEL VALLE** and **ROBERTO EVANS** demand judgment against the Defendants, **JEFFREY L. STRAIGHT, COLT FREIGHT LINE LLC, UBER TECHNOLOGIES INC., RASIER LLC, JOHN DOE 1-10** (fictitious names), **JANE ROE 1-10** (fictitious names), **ABC COMPANY, INC. 1-10** (fictitious names), **JOHN DOE 11-20** (fictitious names)**, JANE ROE 11-20** (fictitious names) and/or **ABC COMPANY, INC. 11-20** (fictitious names) either individually, jointly and/or severally, for damages, together with interest and costs of this suit.

### THIRD COUNT

32.     Plaintiffs, **SASHA M. DEL VALLE** and **ROBERTO EVANS**, repeat each and every allegation of the First and Second Counts of this Complaint as though same were set forth at length herein and makes them a part hereof.

33.     Defendant, **FARMERS   INSURANCE   COMPANY** executed to Rasier LLC, in consideration for a sum of money an automobile insurance policy, thereby agreeing to indemnify the Plaintiffs , against losses arising from medical expenses, lost wages and essential services by the insured, members of the insured's household, or occupants of the insured's vehicle.

34.     Plaintiff, **SASHA M. DEL VALLE** was qualified and intended for such benefits.

35.     On or about **May 5, 2021**, the Plaintiff, **SASHA M. DEL VALLE,** was involved in an automobile accident proximately resulting in medical expenses, essential service expenses, lost wages and other covered losses.

36.     Plaintiff, **SASHA M. DEL VALLE** has furnished to Defendant, **FARMERS INSURANCE COMPANY** proof of said loss and otherwise performed all the conditions of the policy.

37.     Defendant, **FARMERS  INSURANCE COMPANY** has not paid said loss.

38.     Defendant, **FARMERS  INSURANCE COMMPANY** has failed and refused to make prompt payment of Plaintiff's medical bills, in violation of New Jersey No Fault Law and failed and

refused to provide Plaintiffs' necessary medical treatment.

39.     Personal Injury Protection benefits and/or Medical Expense benefits have wrongfully not been paid by the Defendant named herein.

40.     Personal Injury Protection benefits and/or Medical Expense benefits have wrongfully been denied by the Defendant. Said wrongful denial and/or non-payment of PIP benefits and/or Medical Expense benefits entitles the Plaintiff, **SASHA M. DEL VALLE** to statutory penalties, interest, counsel fees and costs of this suit.

41.     As a result, the Defendant is in breach of the insurance agreement and has violated New Jersey Law.

**WHEREFORE**, the Plaintiff, **SASHA M. DEL VALLE,** demands judgment against the Defendant, **FARMERS INSURANCE COMPANY**, for damages including, but not limited to payment of all medical bills, payment and/or reinstatement of benefits, statutory penalties including interest and counsel fees and such other relief as this Court may deem fair and proper.

**FOURTH COUNT**

42.     Plaintiffs, **SASHA M. DEL VALLE** and **ROBERTO EVANS**, repeat each and every allegation of the First, Second, and Third Counts of this Complaint as though same were set forth at length herein and makes them a part hereof.

43.     Defendant, **FARMERS INSURANCE COMPANY** executed to Rasier LLC, in consideration for a sum of money an automobile insurance policy, thereby agreeing to indemnify the Plaintiffs , against losses arising from medical expenses, lost wages and essential services by the insured, members of the insured's household, or occupants of the insured's vehicle.

44.     Plaintiff, **ROBERTO EVANS** was qualified and intended for such benefits.

45.     On or about **May 5, 2021**, the Plaintiff, **ROBERTO EVANS,** was involved in an automobile accident proximately resulting in medical expenses, essential service expenses, lost wages and other covered losses.

46.     Plaintiff, **ROBERTO EVANS** has furnished to Defendant, **FARMERS INSURANCE COMPANY** proof of said loss and otherwise performed all the conditions of the policy.

47.     Defendant, **FARMERS INSURANCE COMPANY** has not paid said loss.

48.      Defendant, **FARMERS  INSURANCE COMMPANY** has failed and refused to make prompt payment of Plaintiff's medical bills, in violation of New Jersey No Fault Law and failed and refused to provide Plaintiffs' necessary medical treatment.

49.      Personal Injury Protection benefits and/or Medical Expense benefits have wrongfully not been paid by the Defendant named herein.

50.      Personal Injury Protection benefits and/or Medical Expense benefits have wrongfully been denied by the Defendant. Said wrongful denial and/or non-payment of PIP benefits and/or Medical Expense benefits entitles the Plaintiff, **ROBERTO EVANS** to statutory penalties, interest, counsel fees and costs of this suit.

51.      As a result, the Defendant is in breach of the insurance agreement and has violated New Jersey Law.

**WHEREFORE**, the Plaintiff, **ROBERTO EVANS,** demands judgment against the Defendant, **FARMERS  INSURANCE COMPANY**, for damages including, but not limited to payment of all medical bills, payment and/or reinstatement of benefits, statutory penalties including interest and counsel fees and such other relief as this Court may deem fair and proper.

**THE LAW OFFICES OF FUSCO & MACALUSO, P.C.**
**Attorneys for Plaintiffs**

Dated:   June 29, 2022            By:      _____
**STEVE D. BYOUN, ESQ.**

### DEMAND TO PRESERVE EVIDENCE

All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiffs 's employment, to Plaintiffs 's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social work or related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, SnapChat, Instagram, etc.) and any other information and/or data and/or things and/or

documents which may be relevant to any claim or defense in this litigation. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

THE LAW OFFICES OF FUSCO & MACALUSO P.C.
Attorneys for Plaintiffs

Dated:  June 29, 2022          By:          _____
                                           STEVE D. BYOUN, ESQ.

## DEMAND FOR TRIAL BY JURY

The Plaintiffs  demands a trial by jury as to all issues herein.

THE LAW OFFICES OF FUSCO & MACALUSO P.C.
Attorneys for Plaintiffs

Dated:  June 29, 2022          By:          _____
                                           STEVE D. BYOUN, ESQ.

## DESIGNATION OF TRIAL COUNSEL

In accordance with R. 4:25-4, **Steve D. Byoun, Esq.,** is hereby designated as trial counsel for the Plaintiffs  in the within matter.

THE LAW OFFICES OF FUSCO & MACALUSO P.C.
Attorneys for Plaintiffs

Dated:  June 29, 2022          By:          _____
                                           STEVE D. BYOUN, ESQ.

## CERTIFICATION

The undersigned hereby certifies that the matter in controversy is not now the subject of any other pending action in any court and is likewise not the subject of any pending arbitration proceeding.  The Plaintiffs  are not aware of any other parties or the true identities of other parties which should be joined in this action at this time.  The Complaint will be amended when true identities of the fictitious Defendants become known to the Plaintiffs .

THE LAW OFFICES OF FUSCO & MACALUSO P.C.
Attorneys for Plaintiffs

Dated:  June 29, 2022          By:          _____
                                           STEVE D. BYOUN, ESQ.